In the Matter of EDWARD MOORE et al., Petitioners, against EARL DECKER, as Superintendent of Highways of Town of Franklinville, Respondent.

Supreme Court, Cattaraugus County, July 25, 1949.

*Charles E.* and *Richard B. Congdon* for petitioners.

*James S. Pierce* for respondent.

SAMUEL J. HARRIS, Official Referee. Proceeding brought by the petitioners, landowners, for an order compelling the respondent town superintendent of highways to work and maintain a road. This road is conceded by both parties to be a town highway; it is approximately one-half mile in length and is the only means of reaching and leaving certain lands owned by the petitioners. The present condition of the road is such that it is impassable except on foot. The respondent has refused to work and maintain the road on the ground that it has been abandoned either wholly or by a qualified abandonment (Highway Law, § 205).

The road in question was laid out for that purpose by using an easement over a farm of one Burlingame. The respondent has asked for the dismissal of this proceeding on the ground that the said Burlingame is a necessary party. It is true that, if the road were abandoned, some claim could be made by the said Burlingame for a reversion of the easement to him; but, in this proceeding which is one to compel a public officer to perform a duty, the owner of the reversion would not be a necessary, nor even a proper, party to the proceeding.

There is no proof before me which would sustain a finding of abandonment as defined by section 205 of the Highway Law. As to the claim made by the respondent of a qualified abandonment, the proof shows that the town superintendent has heretofore held a proceeding to establish the qualified abandonment of the road; that on such proceeding the town superintendent of highways, the town superintendent of the town, and the town

board of the town of Franklinville (in which town the road in question is located) found that there was a qualified abandonment; but, on appeal to the Superintendent of Public Works of the State of New York, such State superintendent reversed the holding of the town officers and held that the proof was insufficient to establish a qualified abandonment. The respondent herein argues that such decision of the State superintendent is not binding on the court in this proceeding. On this question, my opinion is that such determination of the State superintendent cannot be attacked collaterally in this proceeding. (See Civ. Prac. Act, art. 78.)

In view of the failure of the respondent to afford proof that there has been a complete abandonment, and in view of the holding of the State superintendent that there has been no qualified abandonment, it becomes necessary for me to hold that the prayer of the petitioners must prevail and that the respondent should be directed to work and maintain the road in question.

This is my decision on which an order may be entered. I have marked the proposed findings of fact and conclusions of law submitted by both counsel in appropriate manner.