Per Curiam.

The landlord’s certificate of occupancy provides that the space occupied by the tenant may be used for office purposes. The tenant conducts a library service on the demised premises. This includes storing a large quantity of books. In 1950 the Department of Housing and Buildings served a violation on the landlord because the portion of the building occupied by the tenant was not being used in accord with the certificate. The violation remained dormant for five years. But in 1955 the department gave notice that upon failure to comply, prosecution would follow. The landlord gave notice to the tenant, consonant with the lease, that the latter comply or vacate the premises. Upon refusal this action for eviction was brought.
In such an action the main issue is whose duty it is to effect compliance, and embraces such subordinate issues as what must be done to effect compliance. These issues were never tried. Instead the court assumed that the objection of the department stemmed from the fact that the floors were overloaded by the weight of the books stored. He sought to correct this condition by having the tenant voluntarily remove a large number of books and when the load was reduced to a figure that the court deemed safe, dismissing the petition. However direct and laudable this approach may be, it is the function of the department and not of the court, and however tempting it may have been to dispose of the matter by action that the department should have long since taken, it cannot be upheld.
*416 The indicated issues should be tried and the case disposed of as they are resolved.
The final order should be reversed and a new trial ordered, with $30 costs to appellant.