Fred J. Munder, J.
This is a proceeding in the nature of mandamus, brought pursuant to article 78 of the Civil Practice Law and Rules, to compel the Town Board and the Superintendent of Highways of the Town of Brookhaven to forthwith construct and maintain a presently unimproved town highway known as Inlet Bog Path on the Great South Beach in the Town of Brookhaven. The respondents move to dismiss the petition for legal insufficiency.
The proceeding appears to have been instituted because of a dictum contained in my decision on a prior article 78 proceeding by this petitioner, to the effect that she might then have employed mandamus to compel the construction of the road. The form of proceeding which the petitioner now employs is a proper device to bring the merits of a controversy such as this before the court. The authorities I cited in the earlier decision, I think, support this view. (6 McQuillan, Municipal Corporations, p. 57, § 20.24; Matter of Moore v. Decker, 195 Misc. 545.) It must now be determined whether this petitioner has sufficiently stated a case which requires response.
*63 The principal ground urged by the respondents is that the petition does not allege that they, either the Town Board or the Superintendent of Highways, failed to perform any duty enjoined upon them by law; and that the moving papers fail to point to any statute, law or ordinance that directs the respondents, or either of them, to construct the road. Although petitioner, in her brief, construes it otherwise, I find nothing in the Highway Law that requires the Town Superintendent or the Town Board to construct any road, Section 140 thereof, simply provides that the Town Superintendent “ may cause to be constructed and repaired any public roads ” etc., that are located in the area in question. (Emphasis supplied.) As I observed in a comparable situation in Hall v. County of Suffolk (231 N. Y. S. 2d 235, 236): “ This legislation contains no direction or mandate to act”. Though the petitioner may be considered a member of a general class under section 172 of the Highway Law, who has a statutory right to bring this proceeding, there must be alleged and established a clear legal right to the remedy sought before a judgment of mandamus will issue, (Fuchs v. Board of Educ., 143 N. Y. S. 2d 788, affd. 1 A D 2d 785.) Here, assuming the truth of the allegations of the petition and giving them the benefit of every legitimate inference that may be drawn from them, because the petition does not contain the requisite allegation of a mandated duty on the respondents it is legally insufficient.
The petition alleges an agreement made December 8, 1959, between the petitioner and the Town of Broolchaven wherein the original road as laid out in 1892 was acknowledged and identified, and the Town Board agreed to maintain and police the road as a public highway. It alleges also a breach of that agreement. This would appear to give the petitioner an alternative and adequate remedy by way of an action on the contract. Furthermore, in the petitioner’s prior proceeding I concluded that the road in question is in no way essential to the public health, safety or welfare. (Matter of Horan [Romeo], N. Y. L. J., March 5, 1964, p. 19, col, 1.) In such circumstances there is no need for summary action. The burden to show the necessity and propriety for an order to compel performance of an alleged duty is on the applicant. Even where the applicant presents an issue for the enforcement of a clear legal right the court may decide whether, in the exercise of sound discretion, it should grant or withhold the judgment. “ It is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law ”. (Matter of Coombs v. Edwards, 280 N. Y. 361, 364; cf. Matter of Frankle v. *64 Board of Educ., 173 Misc. 1050.) There being an adequate alternative remedy and no showing of a clear legal right to the remedy pursued, I find no merit in the application.
For the reasons above indicated I conclude that the petition does not state facts sufficient to entitle the petitioner to the relief sought in this proceeding.
The motions of the respondents Town Board and the Town Superintendent to dismiss the petition are granted.