■ In the Matter of MARJORIE DUFFY et al., Appellants, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent.— Judgment of the Supreme Court, Nassau County, dated January 8, 1969, affirmed, without costs. No opinion. Brennan, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; Benjamin, J., concurs because it now appears that a prompt hearing is available. [58 Misc 2d 649.]

■ In the Matter of GISELA RINNER, Respondent, v. JOHN L. CANNON, Appellant.— In a proceeding to compel support of a child, brought pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A), the appeal is from an order of the Family Court, Suffolk County, dated August 19, 1968, which directed appellant to pay $15 a week for such support. Order reversed, on the law, without costs, and proceeding remanded to the Family Court for further proceedings in accordance with the views herein set forth. No questions of fact have been considered. When a respondent in a proceeding such as this (appellant here) denies the allegations in a petition forwarded here from the initiating State, he is entitled to a hearing on the merits. The same rules of evidence apply as in other civil proceedings (Domestic Relations Law, § 38-a). A judgment of a court of a foreign country cannot be admitted as evidence unless it is attested to in accordance with law (CPLR 4542, subd. [a]; *Martens* v. *Martens,* 284 N. Y. 363). Even when so admitted it may only be granted comity. Such respondent is free to prove, if he can, that it is offensive to our public policy and should not be granted recognition (*Martens* v. *Martens, supra,* p. 365). The court below should conduct further proceedings in this matter in the manner set forth under article 3-A of the Domestic Relations Law, in particular section 37 thereof. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ In the Matter of JAMES SLAUGHTER et al., Appellants, v. CITY COURT OF THE CITY OF LONG BEACH et al., Respondents.— In a proceeding under article 78 of the CPLR, petitioners appeal from an order of the Supreme Court, Nassau County, entered April 11, 1969, which denied their motion for renewal and reargument of their prior application for a jury trial in a certain criminal case pending against them, in which motion they requested that the motion be treated as an application for a writ of prohibition. Appeal dismissed, without costs, on the ground that the order appealed from is not appealable as of right and there has been no permission to appeal granted by either the Judge who made the order or a Justice of this court (CPLR 5701, subds. [b], [c]). Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.