Mario Pittoni, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of the respondents dismissing the petition.
Petitioner is the administratrix of the estate of William Smith who, prior to his death on November 4, 1971, was a patrolman in the Nassau County Police Department. She alleges that at the time of his death the decedent had not used 24% hours of compensatory time for overtime previously worked and contends that respondents were arbitrary or unreasonable in denying cash payment for the unused compensatory time.
Petitioner pleads that pursuant to a reasonable interpretation of paragraph 7(e) of a collective bargaining agreement made by the Patrolmen’s Benevolent Association (PBA) with the County of Nassau, effective January 1, 1971, “ overtime in .the form of cash or compensatory time is provided for the members.” The paragraph 7(e) (1) provides in pertinent part,
"The employees shall have the discretion as to whether overtime shall be paid overtime compensation or compensatory time and shall exercise .such discretion either immediately *559 before working such overtime or immediately after completing .the working of such overtime and notify his commanding officer of his decision.” (Emphasis supplied). It is alleged that the decedent had chosen compensatory time hut was unable to exercise his choice by reason of his untimely death.
This proceeding must be dismissed because “ In the absence of a violation of a statutory duty, an article 78 proceeding for mandamus does not lie” (Matter of Phalen v. Theatrical Protective Union No. 1, 27 AD 2d 909, revd. on other grounds 22 N Y 2d 34; see, also, Matter of Corbeau Constr. Corp. v. Board of Educ., Union Free School Dist. No. 9, 32 A D 2d 958). Assuming that the form of the proceeding could be ignored (CPLR 103, subd. [c]) and that the County of Nassau were a party to an action for breach of contract, it is clear that under the collective bargaining agreement no provision is made for a cash payment for unused compensatory time. The court may not rewrite the contract to include provisions not agreed upon by the parties.
Petitioner pleads that prior to the commencement of this proceeding, a Grievance No. 4 of 1971 was submitted to the Grievance Board established by the collective bargaining agreement. Exhibit B of the moving papers shows that Daniel Greenwald, as president of the Patrolmen’s Benevolent Association, .submitted that grievance and Exhibit E shows that the members of the Grievance Board (including Daniel Greenwald) unanimously agreed that there was no provision in the contract for the cash payment for unused compensatory time. The concluding sentence of their determination is “It is not within their power to alter the clear meaning of such an agreement.”
Accordingly, as there is no contractual right entitling petitioner to relief and (as stated before) no statute was violated by respondents, judgment must be granted in favor of respondents dismissing the proceeding.