Per Curiam.

Landlord, a redevelopment company, refused to renew tenants ’ lease.
The judgment appealed from, insofar as predicated upon the finding that, as a matter of constitutionality required due proc *127 ess, a hearing was necessary before landlord appellant could determine not to renew tenant’s lease and require tenant’s removal, is in accord with the weight of recent authority, in view of the substantial and continued government involvement in landlord’s operations to which, in effect, “ the coloration of state action fairly attaches.” (McQueen v. Drucker, 438 F. 2d 781, 784-785 [1st Cir.]; see, also, Colon v. Tompkins Square Neighbors, 294 F. Supp. 134 [S. D. N. Y.]; Matter of Bonner v. Park Lane Housing Development Fund Corp., 70 Misc 2d 325, 326).
However, insofar as the decisions appealed from held that the hearing to be afforded was part of the summary proceeding, they required the consideration in that proceeding of issues beyond the jurisdiction of the Civil Court in such matters. (See Real Property Actions and Proceedings Law, § 711; 117 & 127 W. 48th St. Corp. v. Gould, 9 Misc 2d 414; see, also, Matter of New York City Housing Auth. v. Gantt, 57 Misc 2d 447.)
The proper procedure, following a determination that a hearing was necessary and was not held, would be the dismissal of the petition without prejudice to a renewal upon proof that landlord had afforded tenant the hearing required, with tenant having the right to review any adverse determination in that administrative hearing by article 78 proceedings. (See Matter of Fuller v. Urstadt, 28 N Y 2d 315; Matter of Bonner v. Park Lane Housing Development Fund Corp., 70 Misc 2d 325, 326, supra.)
The final judgment should be modified by dismissing the petition, but without prejudice to a renewal upon proof that a hearing has been held by appellant landlord, on stated charges and on notice to respondents tenants, prior to the determination not to renew the respondents tenants’ lease, with costs to abide the event.
Concur — Markowitz, P. J., Lupiano and Quinn, JJ.
Final judgment modified, etc.