Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioners asking this court to order the Commissioner of Environmental Conservation to forthwith open the gates erected across the Overlook Mountain Road so that they and members of Conservation Council shall have the free use of said road, and restraining, and enjoining the other respondents from doing any acts which will interfere with the free use of the road by petitioners and members of the Conservation Council. Respondent Diamond, as Commissioner, makes a cross motion to dismiss the petition upon the following grounds: (1) petition is insufficient as a matter of law, in that petitioners do not have legal standing to institute this proceeding under CPLR article 78 since they are in no way personally aggrieved; (2) the petition fails to state facts sufficient to establish that respondent has failed to perform a duty enjoined upon him by law; (3) the petition fails to establish that the petitioners have a clear legal right to the relief sought against the respondent Diamond.
All the other respondents except Commissioner Diamond and Peter Whitehead moved to dismiss the petition as to them on the ground the said respondents are not proper parties to an article 78 proceeding and that there is a prior action pending and that motion has been granted by this court.
Petitioner New York State Conservation Council, Inc. is a nonprofit corporation with a membership of over 250,000 fishermen, hunters and other conservationists. Petitioner Sherwin Allen is the owner of realty in the slope of Overlook Mountain, in the Town of Woodstock, Ulster County, which property is within the Catskill Park and in the proximity of forest preserve lands and the road which are the subject matter of this proceeding.
The petitioners Jle¿,e that the State of New York owns certain lots which, when taken together, form a parcel of land containing approximately 500 acres situated at the summit of Overlook Mountain, and that a roadway, which is the subject of this proceeding, runs up the western slope of Overlook Mountain from the public highway to the above-described parcel of State land at the summit, said road known as the Overlook Mountain Road.
*515 The petition further alleges that the above-described parcel of land and an easement appurtenant thereto, over said roadway, are ‘ ‘ forest preserve ’ ’ lands owned by the State situated in the Catskill Park, as those terms are defined in subdivisions 2 and 6 of section 9-0101 of the Environmental Conservation Law. The petitioners contend therefore, that the State, under the Environmental Conservation Law has certain duties and responsibilities relating to the care, custody and use of these lands which are mandated by law and which are owed to these petitioners. The petition further alleges that this area of the Catskill forest preserve is surrounded by privately owned lands and the Overlook Mountain Road is now blocked; that the Commissioner of Environmental Conservation consented to the erection of gates blocking access to the said road, and that his failure to remove same is unfair and discriminatory to the petitioners and that petitioners have acquired by prescription a pedestrian and vehicular right of travel over the road in question.
It is the opinion of this court that the State’s easement over the road in question is not the same as owning forest preserve lands in the Catskill Park. Subdivision 6 of section 9-0101 of the Environmental Conservation Law provides, insofar as pertinent, as follows: “ 6. The ‘forest preserve ’ shall include the lands owned or hereafter acquired by the state within the county of Clinton, except the towns of Altona and Dannemora, and the counties of Delaware, Essex, Franklin, Fulton, Hamilton, Herkimer, Lewis, Oneida, Saratoga, Saint Lawrence, Warren, Washington, Greene, "Ulster and Sullivan, except”.
This provision of the Environmental Conservation Law, just as the other provisions relied upon by petitioners dealing with the care, custody and control of the forest preserve, refers to lands now owned, or the ownership of which may hereafter be acquired, and not to lands over which the State has merely an easement. The State has only a limited interest in the road in question. An interest in the road was originally acquired by Isaac Secor, a predecessor in interest of the State, as a 20-foot right of way for roadway purposes. The easement Secor acquired was only for the purpose of ingress to and egress from his lands, now the lands of the State at the top of Overlook Mountain, and the property owners along the way retained the underlying fee title. The respondent Commissioner of Environmental Conservation has no official duty to act beyond the scope of the rights conferred upon the State by the deed, pursuant to which it acquired its interest in the road. The Commissioner’s, determination not to act is not therefore arbitrary or capri *516 cions, as it has a reasonable basis in fact. (Matter of Colton v. Berman, 21 N Y 2d 322.)
Relief by mandamus is limited to and will only lie for the enforcement of a clear legal right. (Matter of Perasso v. Lindsay, 30 A D 2d 179, affd. 23 N Y 2d 764; Matter of Lampert v. Berman, 55 Misc 2d 99.) The duty must be positive, not-discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy. (Matter of Burr v. Voorhis, 229 N. Y. 382, 387.)
It is the apparent contention of the petitioners that subdivision 1 of section 9-0301 of the Environmental Conservation Law creates a mandatory duty, enjoined by law, upon the Commissioner to give petitioners a legally protected right to free use of all State forest preserve lands in the Catskill Park.
Subdivision 1 of section 9-0301 of the Environmental Conservation Law provides in part as follows: “1. All lands in the Catskill park * * * now owned or which may hereafter be acquired by the state, shall be forever reserved and maintained for the free use of all the people ”. (Emphasis supplied.)
However, it is the opinion of this court that this statute does not guarantee that each and every square foot of the Catskill Park must be open to the free public use with no discretion in the Commissioner to control, among other things, access roads to and from the Catskill Park lands. It is the further opinion of this court that section 9-0105 of the Environmental Conservation Law does not create a mandatory duty upon the department to acquire public access over all possible access roads to all lands in the Catskill Park.
It is the opinion of this court that the petitioners have failed to establish a clear legal right to the relief they seek by mandamus, nor have they established a positive nondiscretionary duty upon the Commissioner to grant them the relief they seek.
Therefore, the cross motion of the respondent to dismiss the petition is granted.