Per Curiam.

The tenants, in the nonpayment eviction proceeding here appealed from, raised the defense that the landlord failed to comply with the provisions of the ‘ ‘ Merola Law ’ ’ (Administrative Code of City of N. Y., § B61.0) providing that a public hearing be held prior to a rent increase and therefore that increase, which they stipulate they did not pay, was illegal and void. The dismissal of the defense was erroneously based on the court’s finding that the ‘ ‘ Merola Law ’ ’ had no application to the particular and agreed facts of the case as the Housing and Development Administration was not the 1 ‘ supervising agency ’ ’ and that there was not a rent increase but an initial fixing of rent.
The landlord was incorporated pursuant to article 2 of the Private Housing Finance Law and therefore in accordance with the terms of its certificate of incorporation as well as the provisions of the Private Housing Finance Law, it subjected itself to the supervision of the Housing and Development Administration (HDA). It is clear from the record that the HDA did exercise such supervision by screening and approving the tenants before they were accepted and approving the initial fixing of rent. These tenants have been paying this rent for approximately six years until it was increased without public hearing. The HDA also utilized the New York City Housing Authority as its agent for its other normal supervisory duties.
The “ Merola Law” simply mandates what the HDA is required to do by its own rules and regulations which it rightfully promulgated as the designated agency under the Private Housing Finance Law (Matter of Strycker’s Bay Apts. v. Walsh, 67 Misc 2d 134; see, also, Matter of Fuller v. Urstadt, 28 N Y 2d 315; Tompkins Sq. Neighbors v. Zaragoza, 73 Misc 2d 126).
The final judgments should be reversed with $30 costs and final judgments directed in favor of tenants dismissing the petitions with costs.
Concur — Markowitz, P. J., Quinn and Frank, JJ.
Final judgments reversed, etc'.