■ JUDITH GOLDSTEIN, Respondent, v. EDWARD GOLDSTEIN, Appellant.— In a matrimonial action in which a judgment was entered granting the plaintiff wife a divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, entered May 23, 1974, as (1) adjudged him in contempt of court for violation of certain provisions of the judgment of divorce, (2) imposed a fine upon him, (3) made provision for defendant to purge himself of the contempt, (4) failing his compliance therewith, authorized his detention, and (5) directed that certain payments be made from a certain escrow account containing the remaining net proceeds of the

sale of the marital residence of the parties. Order modified, on the law and facts and in the exercise of discretion, (1) by deleting therefrom the first to sixth decretal paragraphs, inclusive, and substituting therefor a provision denying that branch of plaintiff's motion which sought to punish defendant for contempt of court and (2) by deleting the tenth decretal paragraph thereof and substituting therefor a provision that, from the balance in the escrow account in the amount of $6,919.50 and accrued interest, the following payments be made: (a) $2,060 directly to the Pathfinder School, (b) $525 to plaintiff for arrears in alimony and (c) the balance then remaining to defendant. As so modified, order affirmed insofar as appealed from, without costs. This court, by unanimous decision rendered July 30, 1973, affirmed the judgment of divorce, but modified certain decretal provisions thereof (*Goldstein* v. *Goldstein,* 42 A D 2d 777). One of those provisions pertained to the sale of the marital home and the distribution of the proceeds derived therefrom. The home has now been sold and each party has received $3,900 outright from the proceeds of sale. Because a dispute arose concerning the remaining proceeds, $15,089.19, plus accrued interest, was placed in escrow. The proper distribution of that amount forms the basis of this appeal. The husband concedes he owes the wife $525 as alimony arrears and further concedes his responsibility to tender certain insurance policies naming the infant children as beneficiaries. Although admitting his obligation to pay $1,250 a year for the education of his handicapped son, defendant contends he is not liable for $2,060, as demanded by plaintiff for such schooling, and further disputes the escrowing of the moneys remaining from the sale. The judgment of divorce imposed an absolute obligation on defendant *inter alia* to (1) pay $1,250 per year for his son's special education and (2) furnish plaintiff's attorneys insurance policies on his life with the two infant children as irrevocable beneficiaries. On the date the judgment was entered (Feb. 2, 1973), the handicapped son was already enrolled in the special training school and certain moneys were owed to it. In fact, we note that the son was enrolled in that program during the divorce proceedings. Special Term determined, and we accept, that a certain amount was owed to the Pathfinder School, in instalments, subsequent to the entry of the judgment, although part of that amount pertained to tuition for the school year 1972–1973. That amount, plus the yearly $1,250 obligation, in aggregate, comprises plaintiff's demand for $2,060. The divorce decree imposes the tuition responsibility on defendant. The directive that he pay $1,250 per year fixes his maximum liability toward any one year's tuition. The fact that the special school requires the full payment of tuition in advance does not alter his obligation to pay it. Accordingly, defendant is responsible for the full payment of $2,060. Additionally, the divorce judgment, as modified by this court, directed the "net proceeds" from the sale of the marital home to be divided between the parties. Although the husband was directed to account for the profits in the renting of the marital home, the judgment did not provide that the wife contribute a proportionate share of the expenses in maintaining the home until its sale. Accordingly, defendant cannot require plaintiff to pay any expenses; nor can he expect any credit for prepaid real property taxes on the date of title closing. Since plaintiff waived an accounting, it appears that no profits were derived from the renting of the home, and the "net proceeds" to be divided are the gross price less the ordinary and necessary closing costs and attorney's fees. However, the original provision in the judgment concerning the sale of the marital home was never intended to provide for the complete escrow of the husband's share, with a yearly payment of $1,250 to be made therefrom for the special schooling of the infant

son. Accordingly, after the payment of $2,060 to the Pathfinder School from defendant's one-half share and the payment of alimony arrears in the amount of $525, he is entitled to receive the balance of the account outright. Although we have determined the proper distribution of the disputed funds, this record reflects sufficient ambiguity concerning the various provisions of the judgment of divorce that defendant should not have been held in contempt for failure to comply therewith. Accordingly, we have modified the order by deleting the contempt provisions and directing the disbursement of the funds.. Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.