■ KLAIRE L. MOORE, Respondent, v HAROLD R. MOORE, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the appeal is from an order of the Family Court, Nassau County, entered May 14, 1974, which (1) denied appellant's motion to require petitioner and her daughter to submit to blood grouping tests and (2) granted petitioner's cross motion to disallow certain interrogatories to the extent of striking certain of the questions. Order modified by deleting therefrom the provision that the motion for a blood grouping test is denied and substituting therefor a provision that the said motion is granted. As so modified, order affirmed, without costs. Under the circumstances of this case, there is ample authority in the Uniform Support of Dependents Law to require petitioner and her daughter to submit to blood grouping tests in California, with the certified results to be presented to the Family Court (see Domestic Relations Law, § 34, subd 3; § 37, subds 2, 6, 7; §§ 38-a, 39; cf. *Matter of Schneider v Schneider,* 72 Misc 2d 423; *People ex rel. Johnson v Johnson,* 35 Ill App 2d 106; *Matter of Miller,* 114 NYS2d 304). Latham, Margett, Brennan and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the order, with the following memorandum: Appellant and petitioner were married on March 17, 1963. Petitioner bore a child on March 26, 1964, and moved to California. In 1970 a proceeding was initiated by petitioner in California under the Uniform Reciprocal Enforcement Support Act. Thereafter, the Family Court of Nassau County determined, by order dated April 21, 1971, that appellant should pay the sum of $15 weekly for the support of the child. Appellant did not comply with the order and a warrant was issued, after which he voluntarily surrendered himself. He then moved, in 1973, for an order requiring that petitioner and the child submit to blood grouping tests and submitted some 45 interrogatories in aid of his challenge to his paternity of the child. In my view, the Family Court properly denied the application. The order of support adjudicated, as a matter of law and fact, that appellant was the father of the child (cf. Domestic Relations Law, § 32, subd 2; § 33, subd 1; § 34, subd 2). Though he had the opportunity in the support proceeding to controvert the claim of his paternity (Domestic Relations Law, § 34, subd 3; § 37, subds 6, 7) he did not do so (cf. *Matter of Rinner v Cannon,* 33 AD2d 923). Until changed by a subsequent order, the order of support subsists and, while outstanding, binds the Family Court and the parties (cf. *Loomis v Loomis,* 288 NY 222, 224). Appellant has not addressed an application to the Family Court to vacate the existing order, which is binding upon him. Indeed, the history of this proceeding depicts an attitude of indifference and procrastination on the

part of appellant. Accordingly, the Family Court properly denied the application.