Sidney H. Asch, J.
Petitioners seek a judgment pursuant to CPLR article 78 directing respondents to hear and determine petitioners’ petition for rehearing, etc. Respondents have cross-moved to dismiss the petition herein. Respondents’ cross motion is granted.
According to the prayer for relief of the petition herein, the instant article 78 proceeding is a proceeding in the nature of mandamus, for an order directing respondents to hold a full evidentiary hearing and to conduct their own audit of the books and records of the housing company.
In support of the petition, the affidavits of each of the three named petitioners (each dated April 28, 1976) describes the purpose of this application and the nature of the relief sought herein, in identical terms as follows:
"1. This affidavit is made in support of the Petition * * * to require the Housing and Development Administration of the City of New York to grant a full evidentiary hearing prior to the implementation of the second stage of the rent increase, due to go into eifect July 1, 1976, and to stay said increase until such time as the full hearing has been conducted.
"2. We further seek an Order requiring the Housing and Development Administration to conduct their own full, complete and independent audit of the books and records of the Housing Company, and not to rely on the basis for any proposed determination upon the records supplied by the Housing Company themselves.
* * *
"4. I am seeking an Order directing the Administrative Agency, charged with the supervisory responsibility, to conduct an evidentiary hearing involving the present financial position of the building and to conduct its own independent audit and investigation of the books and records of the Housing Company.
* * *
"wherefore, your deponent most respectfully requests that the Housing and Development Administration of the City of *212 New York, be ordered to hold a full evidentiary hearing as to the need for the second stage increase, to order the Housing and Development Administration to conduct its own, independent audit of the Housing Company, and to stay the increase, presently scheduled to go into effect July 1, 1976, . until such time as the Housing and Development Administration of the City of New York has completed its audit and the hearing.”
However, the pending article 78 proceeding to compel an evidentiary hearing and independent audit of the housing company’s books and records will not lie unless the respondents have "failed to perform a duty enjoined upon [them] * * * by law”, under CPLR 7803 (subd 1).
As used in CPLR 7803, and elsewhere in the CPLR, the word "law” is defined as "any statute or any civil practice rule” (CPLR 105, subd [n]), and relief such as that sought herein may be granted only where there has been a violation of a statutory duty (Matter of Duffy v Wyman, 58 Misc 2d 649, 650, affd 33 AD2d 923; Matter of Smith v Frank, 70 Misc 2d 558, 559). Such relief, moreover, is granted sparingly, and then only "to enforce an administrative act positively required to be done by a provision of law” (Matter of Walsh v La-Guardia, 269 NY 437, 441; Matter of Littlefield-Alger Signal Co. v County of Nassau, 40 Misc 2d 948, 950) and the duty of performance must be so positive, and petitioners’ legal right thereto must be so clear, "as not to admit of reasonable doubt or controversy” (Matter of Burr v Voorhis, 229 NY 382, 387; Matter of New York State Conservation Council v Diamond, 74 Misc 2d 513, 516). Such relief is, moreover, "usually deemed not available in arguable circumstances of legal right” (Matter of Alweis v Wagner, 14 NY2d 923, 924).
Clearly, no such positive duty or legal right, mandated by law, has been shown to exist in the case at bar, as would justify granting the relief sought herein.
The Mitchell-Lama Law (Private Housing Finance Law, art II), which admittedly governs the operation of New Amsterdam House, wherein petitioners reside, does not require a hearing before imposition of an increase or decrease in rent (Matter of Greene v Goodwin, 46 AD2d 69, 72, affd on opn of App Div 36 NY2d 886; Matter of Rappaport v Gaynor, 75 Misc 2d 649, 652, affd 26 AD2d 620; Hanks v Urstadt, 74 Misc 2d 536, 539, affd 37 AD2d 1044).
Section B61.0 of the Administrative Code of the City of New York, commonly known as the Merola Law, which mandates a *213 "public hearing” with respect to city-financed Mitchell-Lama projects, applies, by its terms, only to rent increases, and not, as in the case now before the court, to a requested reduction in rent.
Since petitioners’ papers herein demand an "evidentiary” hearing, it may be noted that in those cases where a hearing is mandated under the Merola Law and agency regulations (i.e., rent increase applications), which is not the case at bar, the nature of the mandated hearing was recently described in Matter of Messner v Housing & Development Admin. of City of N. Y. (78 Misc 2d 381, 382-383, affd 47 AD2d 745), as follows: "H.D.A. was only required to conduct a public hearing (Administrative Code of City of New York, § B 61.0 added by Local Laws, 1969, No. 1 of City of New York) with written notice to the tenants together with a copy of the application and the facts upon which the application is made. The public hearing was intended to be primarily infotmational to assist H.D.A. in developing a sound ñscal structure for the housing company it supervises. (Local Finance Law, § 152.00.) It did not purport to be a judicial type hearing in connection with a rent increase. "(Emphasis supplied.)
In pertinent part, section B61.0 reads: "§ B61.0 Increase of rentals. — a. Before acting upon any application or motion for an increase in the maximum rental per room to be charged tenants and cooperators of dwellings where the housing and development administration is the 'supervising agency’ under the provisions of the private housing finance law, a public hearing shall be held.” (Emphasis supplied.)
Nor do respondents’ regulations dealing with the matter, differ in this respect, from the provisions of the Merola Law, for the regulations also provide that a hearing be held only in case of an application for a rent increase. Thus, as was said in Lo Cascio v Bailey (74 Misc 2d 930, 931): "The 'Merola Law’ simply mandates what the HDA is required to do by its own rules and regulations”; neither the Merola Law, nor respondents’ regulations, mandate any hearing under the circumstances now before the court.
A public hearing was held, pursuant to the afore-said Merola Law and regulations, in connection with the housing company’s original application for a rent increase, which culminated in the issuance of Administrator/Commissioner Roger Starr’s rent increase order of May 15, 1975. Moreover, the Tenant’s Association of New Amsterdam House, of which *214 petitioners, Davis, Boyd and Outlaw are the president, secretary and treasurer, respectively, appeared at the hearing in opposition to the rent increase application, and was represented thereat by the same counsel who now represent the petitioners in this proceeding. Such representation included, it may also be noted, the submission of a brief in petitioners’ behalf, analyzing the testimony given at the hearing and opposing the housing company’s application for a rent increase. The afore-said order of respondent Starr was never appealed in an article 78 proceeding, and the time to contest it has expired (CPLR 217).
Having provided the hearing mandated by law prior to issuance of the afore-said order, respondents are not required by any provision of law to grant any additional hearing under the circumstances at bar.
In addition to seeking an order directing respondents to hold an evidentiary hearing, petitioners also apply for an order directing respondents to conduct an independent audit of the housing company’s books and records. Petitioners’ application for such audit, like their application for an evidentiary hearing, is without any statutory warrant, and must also be denied. Indeed, in Matter of Greene v Goodwin (46 AD2d 69, 73, aifd on opn of App Div 36 NY2d 886, supra) it was found that reliance upon certified balance sheets and operating statements prepared by the housing company’s accountants, as well as their projected estimates of expenses and income for future years, was a perfectly acceptable aid in determining rent adjustments. Moreover, in arriving at determinations adjusting rents under the Mitchell-Lama Law, respondents "may seek and rely upon any facts that exist, regardless of their source so long as they are reliable and trustworthy” (Matter of Rappaport v Gaynor, 75 Misc 2d 649, 652, affd 26 AD2d 620, supra). Nothing in the case at bar mandates that respondents conduct their own independent audit, or otherwise depart from judicially sanctioned procedures.
Since, therefore, the petition at bar, and petitioners’ supporting affidavits, do not demonstrate, or even allege, any statutory requirement that respondents conduct an evidentiary hearing and/or audit of the company’s books, the petition is legally insufficient on its face, and must be dismissed as a matter of law (Matter of Duffy v Wyman, 58 Misc 2d 649, *215 650, affd 33 AD2d 923, supra; Matter of Horan v Dominy, 43 Misc 2d 62, 63; Matter of Thaler v Murphy, 42 Misc 2d 1, 2-3).
Needless to say, petitioners have no greater right to a stay of the second stage rent increase, pending an evidentiary hearing and audit which they request, than they have to such hearing and audit. Furthermore, apparently on June 18, 1976, the respondent administrator, Roger Starr, issued and caused to be transmitted to petitioners, a decision in writing denying their application for reduction of the second stage increase. The merits of that decision are not raised in this proceeding, nor can other relief sought be granted in the absence of the housing company — which is not a party to the proceeding— since the company would be directly affected thereby, and since its interests may not necessarily correspond to the interests of the parties hereto. (See CPLR 1001, subd [a].)
Accordingly, the petition is dismissed.