Aaron E. Klein, J.
May a town be compelled to clear an overgrown strip of land and construct and maintain a paved public road on that land once it accepts a deed to the strip of land for highway purposes from a private landowner?
By this CPLR article 78 proceeding in the nature of mandamus petitioner, Bogner-Seitel Lumber Company, Inc. (a New York corporation with its principal place of business at 76 John Street, Monticello, Sullivan County, New York), seeks to compel Edward "Mike” Kelly (Liberty Town, New York State, *752 Highway Superintendent), and Liberty Town (an incorporated municipal subdivision of Sullivan County, New York State) "to cause the town highway known as Mandell Terrace which starts from a point on Old Route 17 and runs in a northwesterly direction for approximately 1400 feet and then returns to another point on Old Route 17, to be opened and worked, all obstructions, brush and weeds to be removed, ditches to be cleared of rocks and other obstructions, culverts and sluices to be repaired and kept in a safe and proper manner, and roadway to be paved for use by the public as a highway, as provided by the Highway Law of the State of New York.”
In 1963 petitioner purchased lots in Highview Acres, a private residential development in Liberty Town at a foreclosure sale from its developer/owner Rem Builders, Inc. Man-dell Terrace (a street named for Rem Builders, Inc., president, Edward G. Mandell) consists of a 1,400-feet strip of land, 50 feet in width (as described in the preceding paragraph), only the easterly 700 feet of which is now paved and maintained as a public road. Mandell Terrace runs through a portion of Highview Acres. The remaining "wild” westerly 700 feet of Mandell Terrace is the subject of this action. It is undisputed that there are no homes constructed along the "wild” 700 feet of Mandell Terrace, and that petitioner owns several building lots on either side of the subject "wild” 700 feet.
In 1961 Edward G. Mandell and Harry Ruthouser (deceased), Rem’s principals, allegedly negotiated with Liberty Highway Superintendent Kelly to make Mandell Terrace a public road for its easterly 700 feet. Mandell and Ruthouser were allegedly told by Kelly that Liberty Town would maintain as a town highway, only so much of Mandell Terrace as was cleared and constructed by Rem in accordance with Kelly’s instructions and only after at least three houses were built along the road. Rem satisfied Liberty’s town highway requirements for the easterly 700 feet of Mandell Terrace. Rem allegedly intended to satisfy the Liberty Town highway requirements for the subject, westerly, "wild” 700 feet of Mandell Terrace, but such intention never came to practical fruition. There is sharp dispute as to whether the subject "wild” 700 feet was passable by private automobile in 1962. At least Ruthouser of Rem allegedly agreed to let the subject 700 feet of Mandell Terrace remain wild until Rem satisfied Liberty’s town highway requirements for that strip of land.
In alleged anticipation of completing its plan for Mandell *753 Terrace, by deed dated March 31, 1962 and recorded April 2, 1962, Rem conveyed the entire 1,400-foot Mandell Terrace strip to Liberty Town.
The minutes of a special meeting of the Liberty Town board on April 30, 1962 indicate that Rem’s deed for the entire 1,400-foot Mandell Terrace strip was accepted without condition. It is alleged that there was an explicit understanding that the undeveloped 700-foot portion of Mandell Terrace would not be treated as a town highway until Rem Builders complied with the requirements for same.
After acquiring ownership of the empty lots on Mandell Terrace at foreclosure sale in 1963, petitioner in the summer of 1976 requested Superintendent Kelly to construct the remaining 700-foot westerly portion of Mandell Terrace as a town highway. Kelly refused. Bogner petitioned the Liberty Town board which at regular meeting on October 14, 1976 adopted a resolution accepting Kelly’s recommendation that the town not build, construct or maintain any portion of the Mandell Terrace road, "beyond the point as heretofore approved by the Sullivan County Department of Public Works.”
Since 1962 Superintendent Kelly has only shown the developed 700-foot easterly section of Mandell Terrace as a town highway on the official reports required of him by subdivision 12 of section 140 of the Highway Law. It is undisputed that the wild 700-foot strip of Mandell Terrace was never used by the public as a highway, and never maintained by the town.
This court has thoroughly reviewed all authority offered by petitioner, and made independent examination of the Highway Law and Town Law. It finds no authority in either statute or case law which permits a private landowner to compel a town or Town Highway Superintendent to construct and maintain a previously unused strip of land as a town highway, because the town board had accepted that land by deed for highway purposes. The sole case offered by petitioner where relief similar to that demanded in this case, Matter of Moore v Decker (195 Misc 545), was given involved a road where town highway status was conceded, and there was a legal question of abandonment. Here town highway status is the issue, and the relief sought is establishment of a town highway. Moore v Decker (supra) is, therefore, not in point.
Respondents aptly refer to Matter of Bayer v Pugsley (13 Misc 2d 610, 612) where Justice Roberts said: "To constitute a dedication there must not only be an offer and acceptance but *754 there must be a formal opening of the street by the public authorities or a user [citations omitted]. The fact that a portion of the street may have been used by the public does not operate as a dedication of the entire street [citations omitted].” Matter of Bayer v Pugsley was unanimously affirmed by the Appellate Division, Fourth Department (7 AD2d 828).
New York Cent. & Hudson Riv. R. R. Co. v City of Buffalo (200 NY 113, 120) confirms the principle that the taking in fee of property by a municipality does not create a town highway, but that such status is conferred only after a municipality decides that the public interest requires that the lands be opened as a public highway.
It is clear from Bayer (supra), and New York Cent. & Hudson Riv. R. R. Co. v City of Buffalo (supra) that Liberty’s accepting the deed from Rem in 1962 did not confer town highway status on the subject undeveloped 700-foot strip of Mandell Terrace.
Justice Munder confirms this court’s independent observation that nothing in the Highway Law "requires the Town Superintendent or the Town Board to construct any road.” (Matter of Horan v Dominy, 43 Misc 2d 62, 63 [emphasis in original].)
Consistent with Justice Munder’s reasoning in Horan (supra), this court finds that instant CPLR article 78 petition in the nature of mandamus must be dismissed for legal insufficiency. The petition "does not contain the requisite allegation of a mandated duty on the respondents”. (Matter of Horan v Dominy, supra, p 63.)
The petition is dismissed.