■   In the Matter of ELIZABETH MONTELONE, Appellant, v GEORGE ANTIA, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal, as limited by petitioner's brief, is from so much of an order of the Family Court, Nassau County, entered April 14, 1977, as granted respondent's application for blood grouping tests. Permission for the taking of this appeal is hereby granted. Order reversed insofar as appealed from, without costs or disbursements, and application denied. The parties were married in October, 1958 in the State of New York. Two children were born during the duration of the marriage: William, on November 8, 1958, and Philip, on February 3, 1962. Prior to the birth of the second child, respondent reduced his support payment for the then only child and petitioner commenced a proceeding in the Family Part of the District Court, Nassau County. On January 12, 1961 the parties formally executed an instrument entitled "agreement and order for the support of dependent(s)", wherein respondent agreed to pay $50 per week for the support of petitioner and the child, William. The respondent failed to raise a challenge to paternity and the agreement became the order of the District Court. Thereafter, the respondent obtained a Mexican divorce decree in his favor in which the petitioner appeared by appointment of counsel. While the divorce decree failed to make provision for support, it did recite that "the minors *[sic]* issue of the marriage named William George and Philip David will stay under the custody of their mother." No challenge was raised to the paternity of the children. On January 6, 1977, some 14½ years after the rendition of the Mexican divorce decree, the petitioner commenced this proceeding for support of the children, then aged 18 and 15. A hearing was held, at which time the respondent sought to defend his support arrearages (alleged to total $13,000) by, for the first time, attacking the paternity of the children. In connection with his opposition to the support proceeding, he moved under section 418 of the Family Court Act for the taking of blood grouping tests of the parties and the children. The Family Court granted the application and petitioner appeals. The order of the Family Court must be reversed insofar as it has been appealed from. It is well settled that an application for the taking of blood grouping tests is addressed to the sound discretion of the Family Court (see *Matter of Schneider v Schneider,* 72 Misc 2d 423, 426; cf. *Hill v Hill,* 20 AD2d 923). Yet this does not necessarily imply that an application for blood tests must be granted under all circumstances, as Family Court apparently believed the holding of *Moore v Moore* (49 AD2d 768) required. Rather, blood tests should be directed only where the issue of paternity has never been conceded, expressly or implicitly, or actually litigated. Here the respondent waited for almost 15 years after the rendition of a Mexican divorce decree, which he obtained, and which incorporated in its findings of facts supporting the decree, that William and Philip were the "issue" of the marriage, before resisting support on paternity grounds. Equitable estoppel precludes the respondent from compelling another party to take blood grouping tests under such circumstances. As Judge Polier indicated with respect to a similar fact pattern "The respondent, having sought the jurisdiction of the Mexican court and reaped the benefit from the judgment so secured, is estopped from now seeking to have this court annul or amend the judgment" *(Matter of Time v Time,* 59 Misc 2d 912). Accordingly, the order must be reversed insofar as appealed from

and the application for the blood grouping tests denied. Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.