■ BISERKA B., Appellant, v ZDENKO R., Respondent.—In a matrimonial action, the mother appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated July 16, 1986, which denied her application for an order of filiation, to modify a judgment of divorce of the same court (Graci, J.), dated July 25, 1983, naming the respondent, the appellant's former husband, as the father of the child, and to name the appellant's present husband as the true father.

Ordered that the order is affirmed, with costs.

The Supreme Court properly applied the principle of equitable estoppel to bar the appellant from asserting that the respondent is not the father of her child. The child was born while the appellant and the respondent were married and living together; the respondent was named as the child's father in the birth and baptismal certificates, in the separation agreement and in the judgment of divorce; the appellant held the child out, by her words and deeds, as the son of the respondent throughout the marriage, the separation period and for nearly three years after the parties were divorced. During the last two of those years, the appellant was married to the putative father. Thus, the appellant created an opportunity for the development of a father-son relationship between the respondent and the child. Having concealed for eight years the purported "true" paternity of the child, the appellant is now estopped from contesting the respondent's paternity (see, e.g., *Matter of Montelone v Antia,* 60 AD2d 603; *State of New York ex rel. H. v P.,* 90 AD2d 434; *Matter of Boyles v Boyles,* 95 AD2d 95).

Even if equitable estoppel had been found to be inapplicable to the circumstances presented, the appellant's application would properly have been denied by reason of her failure to rebut the presumption of legitimacy (see, *Commissioner of Public Welfare of City of N. Y. v Koehler,* 284 NY 260; *Matter of Findlay,* 253 NY 1; *Dawn B. v Kevin D.,* 96 AD2d 922; *Matter of Joan G. v Robert W.,* 83 AD2d 838).

Finally, the court properly exercised its discretion in declining to order a blood test of the respondent (*Matter of Montelone v Antia, supra*). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.