Otis Elevator Company, Respondent, v State of New York, Appellant. (Claim No. 54929.)

Third Department, June 3, 1976

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for appellant.

*McClung, Peters & Simon (Philip S. Arensberg* of counsel), for respondent.

GREENBLOTT, J. Claimant is the owner of premises in the City of Albany which, during the period from October 1, 1963 through May 31, 1967, were occupied by the State through the Department of Health as a tenant. On or about February 11, 1970, claimant was advised orally by representatives of the State that during the period of the State's occupancy, the premises had become radioactively contaminated. This notice was confirmed in written form on March 24, 1970. After notifying the State by letter that claimant believed the State to be responsible for any damage, claimant filed a notice of intention to file a claim on April 20, 1970. In July, 1970 claimant retained Applied Health Physics, Inc. to decontaminate the premises. Applied Health Physics, Inc. issued its final billing to claimant on March 5, 1971. On April 18, 1972 claimant filed a claim alleging negligence and breach of the State's lease agreement, demanding $32,992.30, the cost of having the premises decontaminated. It is not disputed that claimant's notice of intention to file a claim was timely filed so as to extend the time for filing of a claim under either theory to two years from the date the cause of action accrued, pursuant to subdivisions 3 and 4 of section 10 of the Court of Claims Act.

The State moved to dismiss the claim for failure to timely file, contending that the cause of action accrued on or about February 18, 1970, wherefore the claim of April 18, 1972 was not filed within two years thereof.

The parties do not disagree upon the applicable principles of law which must govern this case. The phrase "accrual of such claim" in section 10 has been held to have a different meaning than the phrase "cause of action accrued", the former being defined so that statutory time limits do not begin to run until the extent of damages is ascertainable. It is in the application of this principle that the present dispute is based, for the question of when damages are ascertainable has led to different results in varied factual situations (see, e.g., *Taylor v State of New York,* 302 NY 177; *Bronxville Palmer v State of New York,* 36 AD2d 647; *Terry Constr. v State of New York,* 27 AD2d 499; *Edlux Contr. v State of New York,* 252 App Div 373), so that it cannot be said that there exists any hard and fast rule governing the determination of when damages in a given case are ascertainable.

Of the various precedents that have been urged upon us as controlling, we believe *Bronxville Palmer v State of New York (supra)* to be the most comparable to the present case. There the claim was based upon the negligent installation of pile drivers, and, in reversing an order granting a motion to dismiss the claim, we were of the view that since claimant there could not, in the absence of an engineer's report, accurately evaluate the extent of damages "at the time of the occurrence of the wrong, the time for filing a claim does not begin to run until such an evaluation can be made" (36 AD2d, at p 648). Here, as in *Bronxville Palmer,* claimant's injury was of a continuing nature. The State contends, however, that within five days after claimant first received oral notice of the condition, claimant could have ascertained the extent of damages by obtaining an estimate of a fixed fee to decontaminate the premises from a qualified entity. This contention is supported by the affidavit of an employee of the State who is an expert in the field of radiological sciences. The claimant has countered with the affidavit of the president of Applied Health Physics, Inc., an expert in radiological safety and decontamination, who avers that a fixed fee estimate could not be given for an undertaking such as this, and that claimant could only be and was in fact billed on the basis of hours of labor and materials used. Thus, claimant urges that the extent of damages could not be determined until the final billing on March 5, 1971.

The Court of Claims, in denying the motion to dismiss, accepted the claimant's contentions.

The court's determination on this issue appears to be one of a factual nature, and we see no reason to reject it as such. There is authority for the proposition, however, that where damages are "readily observable and ascertainable * * * albeit * * * indefinite to some extent" a valid excuse for delaying the accrual of the claim is not presented *(Heritage Corp. of N.Y. v New York State Thruway Auth.,* 44 AD2d 869). We find it unnecessary, however, to decide whether this rule would require the order appealed from to be reversed, for we feel that there are additional unique facts presented on the record in this case which justify affirmance.

In its letter to claimant on March 24, 1970, the State advised the claimant that "nothing should be done by you with respect to [undertaking certain aspects of the decontamination process] without first obtaining the written approval of the New York State Department of Health." In a similar vein, on June 2, 1970, the State wrote the claimant advising that "[y]ou may anticipate receipt of directions from [the Department of Health] in the very near future with respect to the steps which your company should take toward removal of the radioactivity." Furthermore, the previously referred to affidavit of the president of Applied Health Physics, Inc. states that prior to acceptance of the job, he "had discussions with representatives of the Bureau of Radiological Health of the Department of Health of the State of New York." It thus appears that the State attempted to reserve to itself a veto power of the procedures which would be employed by claimant in the removal of the radioactivity. Therefore, claimant's efforts to ascertain the extent of damages were subject to the approval by the State of the method adopted by claimant for that purpose. We, therefore, conclude that claimant could not have fairly and accurately ascertained the extent of damage in any event prior to June 2, 1970, (and probably at some later date), since claimant at that time was still subject to the State's directive that instructions from the Department of Health as to the steps required to be taken by claimant would be forthcoming from the Department of Health. Consequently, the claim filed on April 18, 1972 was filed within two years of the accrual of the claim, even if that claim is considered to have accrued as early as June 2, 1970.

There is one additional factor which we feel must be taken into account in considering the question of ascertainability of claimant's damages. During the year 1970, claimant's prop-

erty was occupied by an unrelated third party as tenant. Assuming without deciding that claimant was capable of obtaining a fixed fee estimate for decontamination in February, 1970, claimant still faced a potential liability to its tenant for interference with that tenant's operations possibly amounting to constructive eviction, which would thus have increased claimant's damages. When claimant actually entered into its contract with Applied Health Physics, Inc., in July, 1970, this threat was minimized by arranging to have the work done on weekends and at night, but the cost of labor at these hours was increased. While this factor might not be conclusive in and of itself, we feel that it adds to the weight of the rationale for rejecting the State's contention that the claim accrued on February 18, 1970.

Having reached the conclusions heretofore discussed, it is not necessary to a decision in this case to deal with the determination of the Court of Claims, as an alternative ground for denying the State's motion, to treat the notice of intention as the claim itself. Nevertheless, we are of the view that since the notice of intention set forth everything that is required in a claim itself except the sum demanded, and there is no showing that the State was deceived, misled, or in any way prejudiced, the Court of Claims was entitled to treat the notice of intention as a claim under the authority of *Barski v State of New York* (43 AD2d 767). (See, also, *Williams v State of New York,* 28 AD2d 1174.)

The order should be affirmed, with costs.

KOREMAN, P. J., MAIN, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with costs.