■ TON-DA-LAY, LTD., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61312.)—Appeal from an order of the Court of Claims, entered February 17, 1978, which granted a motion to dismiss the claim. Claimant, the owner of approximately 18,386 acres of land within the Adirondack Park in the Town of Altamont, Franklin County, filed a notice of intention to file a claim on July 25, 1975 and, on August 1, 1977, filed a claim seeking damages from the State based upon alleged illegal actions of the Department of Environmental Conservation in considering claimant's application for a water supply and a sewage treatment system permit in accordance with sections 15-1501 and 15-1503 of the Environmental Conservation Law. On July 27, 1972, claimant filed with the Department of Environmental Conservation an application for the approval of a water supply system and a sewage treatment system to be constructed in connection with a proposed subdivision of a part of its lands as a vacation home community. Public hearings were held on the application between December 5, 1972 and April 6, 1973. On August 1, 1973, the Department of Environmental Conservation denied the application. On the same date, amendments to the Adirondack Park Agency Act (Executive Law, art 27) became effective which imposed a system of comprehensive and restrictive land use controls on lands within the Adirondack Park. Claimant's proposed subdivision apparently would

have been excepted from these restrictions had its application for the water supply system and sewage treatment system been approved. Claimant thereafter commenced a proceeding pursuant to CPLR article 78, in the Supreme Court to review the denial of its application. The CPLR article 78 proceeding was transferred to this court which, on May 16, 1974, affirmed the denial of the permit on two of the five findings of the Department of Environmental Conservation, annulling, however, the remaining findings *(Matter of Ton-Da-Lay v Diamond,* 44 AD2d 430). Claimant did not appeal, but the Department of Environmental Conservation and an intervenor appealed upon the ground that all of its findings should have been upheld. On November 15, 1974, the Court of Appeals granted claimant's motion to dismiss the appeal without prejudice to an application for leave to appeal *(Matter of Ton-Da-Lay v Diamond,* 35 NY2d 789). On May 8, 1975, the Court of Appeals dismissed the motions by the Department of Environmental Conservation and the intervenor for leave to appeal *(Matter of Ton-Da-Lay v Diamond,* 36 NY2d 856). On July 25, 1975, claimant filed a notice of intention to file a claim with the Court of Claims. This notice was filed within 90 days of the dismissal of the motions for leave to appeal but more than 23 months after the denial of the permit applications, and more than 14 months after the affirmance of the denial by this court. Claimant filed its claim against the State of New York on August 1, 1977, more than two years after the dismissal of the motions for leave to appeal by the Court of Appeals, and more than three years and two months after the decision of this court, and more than four years after the denial of the application for approval of the sewer and water systems. The claim alleged six causes of action. On September 1, 1977, the State moved to dismiss the claim on the following grounds: (1) *res judicata* and collateral estoppel; (2) failure to state facts sufficient to constitute a cause of action; and (3) lack of subject matter jurisdiction. Specifically, the State asserted that each cause of action in the claim accrued at the latest on August 1, 1973, and that claimant was barred by the two-year limitation of subdivisions 3 and 4 of section 10 of the Court of Claims Act. Claimant asserted in opposition to the motion to dismiss that the claim did not accrue until the dismissal of the motion for leave to appeal on May 8, 1975. The Court of Claims dismissed the first, second, third and fourth causes of action on the ground that the claim and notice of intention were not timely filed. The fourth cause of action was also dismissed on the further ground that it failed to state a cause of action. The fifth and sixth causes of action were dismissed for want of subject matter jurisdiction and failure to state a cause of action. Claimant contends on this appeal that its claim accrued on May 8, 1975, when the Court of Appeals dismissed the motion by the Department of Environmental Conservation for leave to appeal, asserting that, until that date, the claimant was not in a position to finally evaluate the status of its water supply permit application and the resulting damage of a denial of that application. It is also contended by the claimant that the Court of Claims erred in not allowing claimant an opportunity to move pursuant to subdivision 6 of section 10 of the Court of Claims Act for leave to file a late claim, assuming that the claim was filed late. Where damages are readily observable and ascertainable albeit they might be indefinite to some extent, a valid excuse for delaying the claim is not presented *(Otis Elevator Co. v State of New York,* 52 AD2d 380). It has also been held that a pending appeal does not delay the accrual date established by a judgment *(Relyea v State of New York,* 59 AD2d 364). Claimant's argument that the extent of its damages was not fully ascertainable until the Court of Appeals had dismissed the motion for leave to appeal

is without merit. Claimant did not appeal the order of this court affirming the denial of the permit. The outcome of the appeal would not have altered the basic fact that claimant was denied a permit for construction of a water supply system for its proposed development. Moreover, the conduct underlying claimant's alleged causes of action occurred by August 1, 1973, when the permit was initially denied by the Department of Environmental Conservation. That denial, being subject to review in a proceeding pursuant to CPLR article 78, did not become final until affirmed by the order of this court on May 16, 1974. At that time, claimant's damages, if any, were fully ascertainable, and its failure to appeal that order precludes any contention that the denial of the permit was not final and its damages not ascertainable. Claimant's claims, having accrued at the latest on May 16, 1974, the filing more than three years after such accrual, was untimely. The late filing provisions of subdivision 6 of section 10 of the Court of Claims Act are inapplicable here. That section provides for an application to the Court of Claims for leave to file a late claim. In determining whether to exercise its discretion, the court will consider such factors as a reasonable excuse, lack of prejudice to the State, opportunity of the State to investigate the essential facts of the claim, evidence of the merit of the claim, and whether claimant has any other available remedy. In the absence of such an application, there was no basis for the Court of Claims to exercise its discretion. The Court of Claims' findings with respect to the fourth, fifth and sixth causes of action were proper as a matter of law. In the absence of any factors of governmental displacement of private ownership, occupation or management there is no basis for compensation for a taking in eminent domain (*Matter of Charles v Diamond,* 41 NY2d 318). The sixth cause of action, being for punitive damages, does not amount to a separate cause of action for pleading purposes (*M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Order affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.