OPINION OF THE COURT
Con. G. Cholakis, J.
The determination placed in issue by this CPLR article 78 proceeding is found to have been contrary to the meaning and intent of the controlling statute and is further found to be so unreasonable as to be arbitrary. Accordingly, the subject determination is annulled and the matter remanded to the respondents for purposes of redetermination.
The petitioner is a limited-profit housing company organized and existing pursuant to the provisions of the New York State Urban Development Corporation Act (L 1968, ch 179, as amd) and article II of the Private Housing Finance Law. The determination referred to was made in response to the petitioner’s application for permission to increase its per room rental rate by the sum of $13.03. An increase of only $6-. 18 was allowed. Upon this proceeding the petitioners have argued that sections 28 and 31 of the Private Housing Finance Law requires that they be granted rental rates which will allow them to meet their obligations and permit, in addition, a payment of an annual dividend of 6% (see Private Housing Finance Law, § 28, subd 1; § 31, subd 1, pars [a], [b]). The petitioners *550 further argue that, the legislative intent is clear and that it has been violated by the respondents’ determination. The intent, they argue, is shown by section 26 (subd 1, par [b]) and section 26-b of the Private Housing Finance Law which, in fact, prohibit the loaning of public moneys to support a limited-profit housing project unless it is found by the commissioner that the estimated revenues will be sufficient to cover all costs of operation and like expenses, including operating and depreciation reserves (see Hanks v Urstadt, 74 Misc 2d 536, affd 37 AD2d 1044). The petitioner acknowledges that the respondent commissioner may in his discretion properly delay the payment of a 6% return to the investors, but, they urge, he may not deprive them of it entirely (see Matter of Rappaport v Gaynor, 75 Misc 2d 649).
The court finds no authority for the respondents’ position and, as indicated, has concluded that the commissioner’s discretionary authority does not permit the wide departure from the stated legislative objectives here seen. Briefly, the instant matter appears factually distinguishable from the Rappaport case and other authorities relied upon by the respondents who rest their argument upon the commissioner’s discretionary authority. Here, the petitioners are not merely asked to wait for the payment of their investment return. It is established without issue that the petitioner’s project has incurred deficits in every year of its operation and that the rents now established will simply cause further deficits. It is conceded that the petitioners have never received any return upon their investment whatsoever and the respondents have even suggested that petitioner should proceed to borrow further money from the New York State Urban Development Corporation to cover arrearages and debt service payments. In this court’s view, the respondents are speaking of further debt, while the statute is speaking of profit. Such a determination is both unlawful and unreasonable.