OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The State moves for an order granting summary judgment (CPLR 3212) dismissing the claim in its entirety on the grounds that it fails to state a cause of action or, in the alternative, for partial summary judgment (CPLR 3212 [e]) on the grounds of collateral estoppel and that a portion of the claim is time barred. The claimants cross-move for permission to late file a claim. (Court of Claims Act § 10 [6].)
On June 3, 1983, the instant claim was filed in which claimants sought to recover damages in the sum of $337,336.72 for legal fees incurred as a result of the alleged failure of the State to provide a defense in three pending *915 Indian land claim suits.[1] Claimants seek to bottom liability on State Law § 10 which provides that "The governor shall, at the expense of the state, employ counsel and provide for the defense of any action or proceeding, instituted against the state, or against any person deriving title therefrom, to recover any lands within the state, under pretence of any claim inconsistent with its sovereignty and jurisdiction.”
Before passing on the State’s motion, it is noted that the claimants previously sought unsuccessfully to recover these same expenses in a CPLR article 78 proceeding. (See, Matter of County of Broome v Cuomo, 102 AD2d 266, affd 64 NY2d 1051.) No significance should be attached to the court’s rejection of the claim in that proceeding, since it is clear that such incidental relief was not available against the State and could only be recovered in a suit commenced in the Court of Claims. (See, CPLR 7806.) What is significant, however, is that a determination was made that State Law § 10 unequivocally imposed on the Governor the nondiscretionary duty to employ counsel and provide for claimants’ defense with respect to two of the three underlying suits.[2] As a result of the CPLR article 78 proceeding, a judgment in the nature of mandamus was granted directing the Governor to comply with the statute.[3] To date, no action has been taken.
Turning to the State’s motion, it is argued that the sole remedy for the statute’s breach is a CPLR article 78 proceeding. The State contends that no private cause of action for damages will lie.
In support of its position, the State argues that the Governor’s failure to undertake representation was a deliberative act, discretionary in nature, and governmental in character. In sum, it relies on the discretionary exception (see, Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831; Gross v State of *916 New York, 33 AD2d 868) to the State’s waiver of immunity. (See, Court of Claims Act § 8; Bernardine v City of New York, 294 NY 361.) This argument was considered and rejected in the aforesaid CPLR article 78 proceeding. Such a finding was necessary to the court’s ultimate determination that the Governor was to comply with the dictates of the statute. Therefore, the issue of whether the statute lent itself to discretion may not be relitigated in this action. (See, Schwartz v Public Administrator, 24 NY2d 65; see also, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.25.)
Whether the claim states a cause of action will necessarily depend on an analysis of the statute. If a legislative intent to create a private cause of action for damages cannot be discerned, the claim must be dismissed.
Where, as here, the statute does not provide a remedy for its breach, it is for the court to determine what the Legislature intended.[4] (See, Merrill Lynch, Pierce, Fenner & Smith v Curran, 456 US 353, 374-383.) In this regard, whether a private cause of action for damages was intended will turn in the first instance on whether the claimants are members of the class for whose special benefit the statute was enacted. (See, Motyka v City of Amsterdam, 15 NY2d 134; Cort v Ash, 422 US 66.) In the present case, there is no question that the claimants are members of the class sought to be protected by the statute. They are owners of land, the title to which was derived from the State. The fact that the claimants are members of the protected class is not, however, decisive of the issue. In addition, an examination is to be made of the statute or its legislative history to see whether there are any indications of an intent to create or deny a private cause of action for money damages. (See, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314.) The statute first appeared in 1828 (see, Rev Stat of NY, part I, ch I, tit II, § 3 [2d ed]) and has remained virtually unchanged since. A search of the statute and its legislative history is not revealing. What is clear, however, is that the Legislature would not have created a right without a remedy. Certainly, the Legislature could not have intended CPLR article 78 relief to be exclusive. For, in such a case, the aggrieved party would be denied compensation for his injuries. (See, Abounader v Strohmeyer & Arpe Co., *917 243 NY 458.) Finally, and most importantly, consideration must be given to whether a private cause of action for damages is consistent with the purpose underlying the legislative scheme. (See, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, supra; Abounader v Strohmeyer & Arpe Co., 243 NY 458, supra; Cort v Ash, 422 US 66, supra; Restatement [Second] of Torts § 874A comment i.) Unquestionably, a private cause of action for damages is consistent here. The purpose of the statute is to assure that land claims contesting the State’s sovereignty and jurisdiction are defended at public expense. Its intention is to hold the landowner harmless. A suit for money damages would accomplish this purpose. Moreover, to allow such an action would not impose a crushing burden on the State, since the Legislature contemplated the action be defended at public expense in the first place. Given the foregoing, a clear legislative intent to create a private cause of action for damages is discerned.[5]
With respect to the issue of damages, the claimants allege that by reason of the State’s inaction, they have incurred legal fees and other related expense in defense of the ejectment actions. They assert that the legal services were necessary to prevent or lessen damages allegedly flowing from the State’s breach of its statutory duty. Such expenditures are recoverable as an item of damage. (Jewelers’ Mercantile Agency v Rothschild, 6 App Div 499; Clason v Nassau Ferry Co., 20 Misc 315, affd 27 App Div 621.)
Accordingly, the State’s motion for an order granting summary judgment dismissing the claim in its entirety on the basis that it fails to state a cause of action is denied.
Turning to the State’s motion for partial summary judgment, the same must be granted to the extent that the claim asserts a cause of action for legal fees incurred in defense of the Federal suit that sought money damages based on wrongful possession. The holding in Matter of County of Broome v Cuomo (102 AD2d 266, affd 64 NY2d 1051, supra) is dispositive of the issue and the claimants are collaterally estopped from asserting such a claim in the present action. (See, Schwartz v Public Administrator, 24 NY2d 65, supra; see also, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.25.)
*918 Lastly, the State moves for partial summary judgment dismissing the portion of the claim that seeks to recover damages that occurred more than six months prior to its filing. In this regard, the State relies on Court of Claims Act § 10 (4). The latter provides, in part, that: "any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim”.
The State’s motion must be rejected. The phrase "accrual of such claim” in Court of Claims Act § 10 (4) has been held to have a different meaning than the phrase "cause of action accrued”, the former being defined so that statutory time limits do not begin to run until the extent of the damage is ascertainable. (Otis Elevator Co. v State of New York, 52 AD2d 380; Bronxville Palmer, Ltd. v State of New York, 36 AD2d 647; Edlux Constr. Corp. v State of New York, 252 App Div 373, affd 277 NY 635; New York Blood Center v State of New York, 114 Misc 2d 390.) Here, it is conceded that the legal expenses incurred by the claimants were ongoing and continued at least until the date the claim was filed. Under the circumstances, it cannot be said that the extent of the damages were ascertainable at least six months prior to the latter date. Moreover, the Governor’s failure to comply with the claimant’s continuing demands that counsel be employed, entitles the claimants to the benefit of the continuing wrong rule. (See, Boland v State of New York, 30 NY2d 337.) For Statute of Limitations purposes, a continuing wrong does not start the running of the statute until the wrong is complete. This does not mean, however, that before completeness there is no claim. (See, Boland v State of New York, supra.)
In sum, the defendant is entitled to partial summary judgment dismissing the claim insofar as it seeks damages for legal fees incurred in defense of the underlying suit for money damages based on wrongful possession. Otherwise, the State’s motion is in all other respects denied. The claimant’s motion to late file its claim is denied as moot. It appears, however, that the claimants are entitled to summary judgment (see, CPLR 3212 [b], [c]) on the issue of the State’s liability with respect to their claim for legal fees incurred in defense of the two ejectment suits and that there only remains to be determined the amount of damages.
Accordingly, it is ordered, that the defendant’s motion for partial summary judgment dismissing the claim is granted only to the extent that the claim seeks damages for legal fees *919 incurred in defense of the underlying lawsuit for money damages based on wrongful possession; and it is further ordered, that the defendant’s motion for summary judgment/ partial summary judgment is in all other respects denied; and it is further ordered, that summary judgment is granted in favor of the claimants and against the State on the issue of liability with respect to their claim for legal fees incurred in defense of the two ejectment suits; entry of judgment, however, shall await the court’s assessment of damages; and it is further ordered, that this claim be set down for trial on October 25, 1985 for the purpose of assessing damages.

. Two of the suits seek ejectment (see, Oneida Indian Nation v State of New York, 520 F Supp 1278, affd in part, revd in part and remanded 691 F2d 1070) and the third seeks money damages for wrongful possession of land. (See, Oneida Indian Nation v County of Oneida, 70-CV-35 [NDNY, Nov. 9, 1971], affd 464 F2d 916, revd 414 US 661; Oneida Indian Nation v County of Oneida, 434 F Supp 527, affd and remanded 719 F2d 525, affd in part, revd in part and remanded 470 US —, 105 S Ct 1245.)

. Only the suit for money damages based on wrongful possession was held not to be within the sweep of the statute.

. The judgment directed the State to undertake the defense of the underlying ejectment suits as of May 13, 1982, the date that a formal demand was made upon the Governor by David E. Peebles, counsel for the claimants.

. Legislative intent here refers to how the legislative body would have dealt with this claim if it was before it in the way it is now before the court. (See, Restatement [Second] of Torts § 874A comment d.)

. Court of Claims Act § 12 (1), i.e., "In no case shall any liability be implied against the state”, has no application here. Here, there is an express statute, the breach of which creates the liability. None need be implied.