COUNTY OF BROOME et al., Respondents, and COUNTY OF MADISON et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent.

Third Department, October 23, 1986

## APPEARANCES OF COUNSEL

*Hancock & Estabrook (David E. Peebles* and *Elletta Sangrey Callahan* of counsel), for respondents-appellants.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Peter J. Dooley* of counsel), for appellant-respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Claimants are 12 New York counties who were named in at least one of three Federal court actions instituted by various Oneida Indian tribes or Nations based on allegations that certain lands were unlawfully taken from their ancestors by the State, the predecessor in title to the counties. Two of those actions sought return of the land; the other sought money damages. The counties made a written demand on then Governor Hugh Carey that he employ counsel to provide for the defense of the actions pursuant to State Law § 10, which provides: "The governor shall, at the expense of the state, employ counsel and provide for the defense of any action or proceeding, instituted against the state, or against any person deriving title therefrom, to recover any lands within the state, under pretense of any claim inconsistent with its sovereignty and jurisdiction." The Governor refused and the counties commenced a CPLR article 78 proceeding seeking to compel

the Governor to undertake defense of the actions. This court held that, pursuant to State Law § 10, the Governor was required to provide such defense with regard to the two actions seeking recovery of land *(Matter of County of Broome v Cuomo,* 102 AD2d 266, *affd* 64 NY2d 1051). This court also held that legal fees already incurred were not merely incidental to the article 78 proceeding such that they had to be sought by way of an action in the Court of Claims *(supra,* at p 271). This court's decision was affirmed by the Court of Appeals, but the State has failed to secure counsel to defend the counties and the three Federal actions are still pending. In June 1983, subsequent to Special Term's decision in the article 78 proceeding, the counties filed this claim seeking reimbursement for legal fees incurred in the defense of all three actions. Ultimately, the Court of Claims ruled that the counties were entitled to reimbursement for legal fees for the two actions which sought return of the lands, but not the one which sought monetary damages (129 Misc 2d 914). The State appealed and the two counties who were defendants in the action for money damages cross-appealed.

Dealing first with the cross appeal, this court's previous decision, as affirmed by the Court of Appeals, is dispositive under the doctrine of res judicata. In the prior case, this court held that State Law § 10, by its terms, does not apply to actions for money damages (102 AD2d, at p 270). This is the same issue sought to be litigated herein. The two counties were petitioners in that proceeding and fully litigated this issue. Thus, the Court of Claims properly granted so much of the State's motion for summary judgment as sought dismissal of the claim for legal fees to defend the action for money damages.

The State contends that the claim should be dismissed because, while State Law § 10 may require the Governor to employ counsel to defend an action, it does not create a private right of action for individuals who are wrongfully denied counsel. Initially, we note that, while the Governor's decision of how best to implement the statute (e.g., what counsel to employ) may be a discretionary act for which the State cannot be held liable, the statutory language makes the act of employing counsel a ministerial act *(see, Charles O. Desch, Inc. v State of New York,* 50 AD2d 253).

State Law § 10 does not expressly provide a remedy for violation thereof. Where the Legislature has failed to specify whether private litigants have a cause of action for violation

of a statute, the courts must so decide *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 324-325). The factors involved include the language of the statute, its legislative history, whether the claimants are members of the class for whose benefit the statute was enacted and whether a private cause of action would be consistent with the underlying purposes of the statute *(supra,* at p 325; *see, Carpenter v City of Plattsburgh,* 105 AD2d 295, *affd* 66 NY2d 791). Applying these factors to the instant case, it is apparent that the counties have a private right of action. Since they derived their title to the disputed lands from the State and were defendants in actions seeking to enforce claims that were inconsistent with the State's sovereignty and jurisdiction, the counties qualify as members of the class for whose benefit the statute was enacted. The language of the statute and its history are not clear on whether a private right of action was intended. However, the language of the statute indicates that it was intended for the protection of those deriving title from the State rather than, as suggested by the State, to assure that the defense of State sovereignty is in the hands of counsel deemed by the Governor adequate to defend the State's interest. Further, the statute's direction that the employment of counsel shall be at the expense of the State indicates a recognition that the State is to bear the cost of defending the action. Further, granting a private right of action in this case is consistent with the purposes of the statute. After the State refused the counties' demand that counsel be provided, the counties had no choice but to retain counsel. Even after judgment in the nature of mandamus was granted in the counties' favor, and such judgment, as modified by this court, was affirmed by the Court of Appeals, the State still did not provide the counties with counsel. With these circumstances prevailing, it is fully consistent with the purpose of State Law § 10 that the counties be given a private right of action.

█ As a final matter, we reject the State's contention that the claims should have been dismissed as untimely. Claims such as the instant one must be filed within six months after accrual (Court of Claims Act § 10 [4]). A claim accrues when damages are ascertainable *(see, Otis Elevator Co. v State of New York,* 52 AD2d 380, 382-383). Here, since damages were not ascertainable when the counties made their demand on the Governor, the claim did not accrue at that time. The legal expenses incurred by the counties in the two Federal actions

seeking recovery of lands were ongoing. Indeed, the record indicates that those actions are still pending. The failure of the State to employ counsel to defend the counties in those actions is in the nature of a continuing wrong *(see, Boland v State of New York,* 30 NY2d 337) such that the claim did not accrue when the demand was made by the counties.

WEISS, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.