Abraham Williams et al., Appellants, v State of New York, Respondent.

Third Department, June 2, 1988

**APPEARANCES OF COUNSEL**

*Hancock & Estabrook (Donald J. Kemple* of counsel), for appellants.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Peter J. Dooley* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

In 1974 the Oneida Indian Nation of New York brought suit against claimants in United States District Court for the Northern District of New York seeking a declaration that it had the right to occupy and possess land held by claimants, and an order removing claimants from the land and damages for trespass and wrongful withholding of possession of the lands. Ten years later by letter dated October 1, 1984, claimants' counsel wrote to the Governor and demanded that he employ counsel and provide for claimants' defense in the Federal action pursuant to State Law § 10, which provides: "The governor shall, at the expense of the state, employ counsel and provide for the defense of any action or proceeding, instituted against the state, or against any person deriving title therefrom, to recover any lands within the state, under pretense of any claim inconsistent with its sovereignty and jurisdiction." This request was refused, and claimants obtained a judgment in a CPLR article 78 proceeding directing the Governor to engage the attorney then representing claimants to continue representation in the Federal action.

Claimants then commenced the instant action in the Court of Claims seeking to recover for legal fees expended prior to the effective date of Supreme Court's judgment. The Court of Claims granted partial summary judgment holding that the State would be liable for legal fees expended subsequent to denial of the formal request to the Governor to defend the action, but not those incurred before (136 Misc 2d 438). Further, the Court of Claims held that the State would not be liable for any legal fees incurred in defense of that cause of action in the Federal lawsuit which requested money damages. Claimants appeal.

This court has held that State Law § 10 requires the State to provide a legal defense in cases such as the instant one *(Matter of County of Broome v Cuomo,* 102 AD2d 266, 270, *affd* 64 NY2d 1051). We have further held that, where the State improperly refuses to provide a defense and a party retains counsel, State Law § 10 provides a right of action for legal expenses *(County of Broome v State of New York,* 119 AD2d 358). However, in that case we recognized that the statute

does not, by its terms, provide indemnification for legal fees. Rather, it requires the Governor to employ counsel. The right of action for legal fees was judicially created after considering a number of factors, perhaps the most important being whether a right of action would be consistent with the purpose of the statute.

The Governor cannot be expected to fulfill the duty imposed by State Law § 10 regarding actions or proceedings against persons other than the State until a demand is made on him. It is not until that point that any obligation imposed by the statute is triggered. Thus, any right of action for legal fees could only be justified after a demand is refused. For example, in this case, had the Governor responded to claimants' demand by immediately employing counsel for their defense, he would have fully complied with the statute and it would have been illogical to claim that the State would be liable for any legal fees incurred prior to such action. That is no less the case herein. The State's obligation under State Law § 10 was triggered by the demand to the Governor.*

Claimants also allege as error the limitation of their right to recover legal fees to those expended in defense of so much of the Federal action as sought to recover land as opposed to money damages. We have held that State Law § 10 applies only to the defense of claims seeking to recover land and not those seeking money damages (*Matter of County of Broome v Cuomo,* 102 AD2d 266, 270, *supra; see, County of Broome v State of New York,* 119 AD2d 358, 360, *supra).* However, such holding dealt with cases where the only relief sought was money damages. Here, the complaint in the Federal action does not state several causes of action; it states one cause of action against 31 defendants. In the "wherefore" clause, the plaintiff seeks various forms of relief including recovery of the land and $1 million in damages. In our view, it would be an overly technical application of the above-cited cases to artificially divide the complaint in the Federal action into separate causes of action. Further, even if such complaint was read to state separate and divisible causes of action, it would be unduly burdensome to require claimants and their attorney to sift through legal billings trying to divine which services dealt with the money damage aspect of the Federal action and

---

* We note that, inasmuch as the Governor responded within a reasonable time after claimants made their demand, the Court of Claims properly measured legal fees from the date of refusal of the demand.

which dealt with the land claim in that action. Moreover, certain legal services, probably most of them, were necessary to the defense of both aspects of the action. Thus, in this case, we hold that the State is responsible for the legal costs incurred in defense of the Federal action after October 12, 1984, regardless of whether they are attributable to the land claim or money claim in that action.

KANE, WEISS and MERCURE, JJ., concur with MAHONEY, P. J.; CASEY, J., not taking part.

Order modified, on the law, without costs, by reversing so much thereof as limited the claim to reimbursement for legal fees to the defense of the cause of action for recovery of land, and, as so modified, affirmed.