■ CLEMENT R. SCALISE, JR., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 84049.) [620 NYS2d 694] —Order insofar as appealed from unanimously reversed on the law without costs, cross motion granted, claim dismissed without prejudice and matter remitted to Court of Claims for further proceedings in accordance with the following Memorandum: In this claim against the State of New York (State) for personal injuries sustained in a single car accident on a State

highway, the State appeals from an order of the Court of Claims insofar as it denied the State's cross motion to dismiss the claim for lack of subject matter jurisdiction. The State contends that claimant failed to comply with section 10 (3) of the Court of Claims Act requiring the filing of either a claim or a notice of intention to file a claim within 90 days after accrual. The court held that the State had waived any objection based on timeliness by failing to raise that defense with sufficient particularity in its answer (see, Court of Claims Act § 11 [c]).

We conclude that the court erred in holding that the State had waived the objection and in denying its cross motion to dismiss on that basis. The State's affirmative defense adequately apprised claimant of the untimely service, thus preserving that objection. Indeed, claimant responded to the answer by applying for permission to file a late claim, and did not oppose the State's cross motion to dismiss. Thus, the order must be reversed, the State's cross motion granted, and the claim dismissed without prejudice to determination of claimant's application to file a late claim (see, Brinkley v City Univ., 92 AD2d 805, 806). Inasmuch as the court did not consider claimant's application for permission to file a late claim, the matter must be remitted to the Court of Claims for determination of that application. (Appeal from Order of Court of Claims, Margolis, Israel, J.—Dismiss Claim.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.