■ ARBOR HILL PARTNERS, by F.D. RICH HOUSING CORPORATION, Appellant, v NEW YORK STATE COMMISSIONER OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. (Claim No. 95335.) [699 NYS2d 544] —Carpinello, J. Appeal from an order of the Court of Claims (McNamara, J.), entered August 10, 1998, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the claim.

Prior to the commencement of this action, claimant had been the owner of a State Urban Development Corporation-financed residential housing project known as Ten Broeck Manor in the City of Albany. Defendant New York State Division of Housing and Community Renewal and its Commissioner (hereinafter collectively referred to as defendants) established the rental rates to be charged to the project's low-income tenants (*see,* Private Housing Finance Law art 2). On December 19, 1996, claimant filed the instant claim alleging that the rental rates established since the project's opening in 1975 resulted in its inability to pay its mortgage and constituted a "taking" of Ten Broeck Manor under the Federal and State Constitutions for which fair compensation was required. The claim alleges that defendants' rental rates denied claimant economically viable use of the property and failed to advance legitimate State interests. On December 16, 1993, the property was sold at public auction in accordance with a judgment which had been entered in a mortgage foreclosure action commenced in 1988 (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v Arbor Hill Houses,* 180 AD2d 926, *lv dismissed* 80 NY2d 925, *lv denied* 83 NY2d 752). The narrow issue presently before this Court is whether the claim is barred by the Statute of Limitations. Assuming, without deciding, that a valid cause of action has been stated and that the applicable limitations period is three years (*see,* Court of Claims Act § 10 [1]), as claimant contends, the claim was properly dismissed by the Court of Claims.

"Regulation of private property constitutes an unconstitutional taking if it denies an owner economically viable use of the property (a per se regulatory taking), or if it does not substantially advance legitimate State interests [citations omitted]" (*Rent Stabilization Assn. v Higgins,* 83 NY2d 156, 173, *cert denied* 512 US 1213). Generally, a claim accrues for purposes of the Court of Claims Act when damages are reasonably ascertainable (*see, e.g., Augat v State of New York,* 244

AD2d 835, *lv denied* 91 NY2d 814; *Inter-Power of N. Y. v State of New York*, 230 AD2d 405, 408). Thus, a delay in filing a claim will not be excused if a claimant's damages are reasonably ascertainable, even if the damages "might be indefinite to some extent" (*Ton-Da-Lay, Ltd. v State of New York*, 70 AD2d 742, 743, *appeal dismissed* 48 NY2d 629, 653, *lv denied* 48 NY2d 612; *see, Otis El. Co. v State of New York*, 52 AD2d 380, 383).

The crux of the instant claim is that defendants' unlawful conduct in setting "ruinously low" rental rates since the project's inception in 1975 rendered claimant "without adequate means to pay its mortgage obligations". Claimant, however, only sought judicial review of defendants' rental rate determinations on two occasions, in 1983 and 1988 (*see, Matter of Arbor Hill Partners v New York State Div. of Hous. & Community Renewal*, 156 AD2d 896, *lv denied* 75 NY2d 711; *Arbor Hill Partners v New York State Div. of Hous. & Community Renewal*, 120 Misc 2d 549). Moreover, the mortgage foreclosure action was commenced by the State Urban Development Corporation, the State Project Finance Agency and the State Mortgage Loan Enforcement & Administration Corporation in July 1988 (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v Arbor Hill Houses*, 180 AD2d 926, *supra*).\* Under these circumstances, we find that the instant claim accrued, at the latest, in 1988 following the last administrative determination which claimant challenged (said determination having been rendered on June 27, 1988) and the nearly simultaneously commenced mortgage foreclosure action, as the alleged deprivation of the economically viable use of the property was certainly reasonably ascertainable by this time. Thus, the instant claim—filed over eight years later—is untimely.

Claimant's argument that defendants' taking did not occur for the purpose of the limitations period until the Referee in

---

\* The limitations dispute notwithstanding, the failure to exhaust available State administrative remedies is a procedural bar to a regulatory taking action where "the claim hinges upon factual issues that are reviewable at the administrative level" (*Timber Ridge Homes v State of New York*, 223 AD2d 635, 636, *lv denied* 88 NY2d 802; *see, Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* 516 US 944), and the mere assertion of a constitutional violation will not excuse a claimant from first pursuing administrative remedies that can provide the requested relief (*see, Matter of Schulz v State of New York, supra*). By resorting to the Court of Claims in December 1996—having exhausted its available administrative remedies on only two occasions since 1975, it appears that claimant would not be entitled to the requested relief in any event (*see, id.; Matter of Wedinger v Goldberger*, 71 NY2d 428, 439, *cert denied* 488 US 850; *Timber Ridge Homes v State of New York, supra*).

the mortgage foreclosure action delivered the deed on December 22, 1993 is rejected. The mortgage foreclosure action was initiated by State agencies different from defendants. Accordingly, we reject claimant's attempt to avoid a limitations dismissal by linking the actions of the foreclosing State agencies with defendants—i.e., the claim contains allegations that *"defendants* appropriated and otherwise obtained possession of the Project and * * * [claimant's] beneficial interest therein" (emphasis supplied) on December 22, 1993. In the mortgage foreclosure action, this Court specifically rejected claimant's contention that defendants' actions in setting rental rates for the project were attributable to the foreclosing State agencies (*see, id.*, at 928-929). It also rejected claimant's contention that defendants and the foreclosing State agencies "somehow work[ed] cooperatively to set ruinously low maximum rentals at Ten Broeck Manor in order to create a basis for [foreclosure]" (*id.*, at 929).

Finally, because "[a] claimant is permitted to file a late claim only if the underlying cause of action is not time barred" (*Marine Midland Bank v State of New York*, 195 AD2d 871, 872, *lv denied* 82 NY2d 661), claimant's cross motion to file a late notice of claim was properly denied (*see*, Court of Claims Act § 10 [6]).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.