OPINION OF THE COURT
Christopher J. McCarthy, J.
For the reasons set forth below, claimant’s motion to serve and file a late claim pursuant to Court of Claims Act § 10 (6) is denied and the State’s cross motion to dismiss on the grounds *1129 that the claim was not timely served upon the Attorney General in accordance with Court of Claims Act § 10 is granted.
The court will deal with defendant’s cross motion to dismiss first. The claim was filed in the office of the Clerk of the Court on November 28, 2008 and alleges that, on November 30, 2007, claimant was assaulted by a correction officer in the Special Housing Unit frisk area at Bare Hill Correctional Facility located in Malone, New York. The claim further asserts that claimant served a notice of intention to file a claim on the Attorney General on January 19, 2008 by certified mail, return receipt requested {see exhibit D-3 attached to claim). The claim was received by the Attorney General on December 4, 2008 {see exhibit A attached to State’s cross motion [copy of envelope received by the Attorney General]; exhibit B attached to claimant’s motion [copy of return receipt signed and dated by Attorney General’s office]).
Pursuant to Court of Claims Act provisions applicable to personal injury actions caused by the intentional tort of a State employee, claimant was required to file and serve his claim within 90 days from the date of accrual unless a written notice of intention to file a claim was served upon the Attorney General within such time period. In that case, the claim itself was required to be filed and served upon the Attorney General within one year after the accrual of the claim (Court of Claims Act § 10 [3-b]).
Court of Claims Act § 11 (a) (i) provides that the claim shall be filed with the Clerk of the Court and that a copy shall be served upon the Attorney General within the time period provided in section 10 of the Court of Claims Act either personally or by certified mail, return receipt requested. It is well established that failure to properly serve the Attorney General gives rise to a jurisdictional defect (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Matter of Dreger v New York State Thruway Auth., 177 AD2d 762, 763 [3d Dept 1991], affd 81 NY2d 721 [1992]; Suarez v State of New York, 193 AD2d 1037, 1038 [3d Dept 1993]). Here, while claimant timely and properly served a notice of intention on the defendant, and the claim itself was filed within one year of accrual, the claim was served more than one year after accrual.
Pursuant to Court of Claims Act § 11 (c), however, any such defect is waived unless it is raised with particularity as an affirmative defense, either by motion to dismiss prior to service of the responsive pleading or in the responsive pleading itself (see Knight v State of New York, 177 Misc 2d 181, 183 [Ct Cl 1998]).
*1130 Court of Claims Act § 10 is more than a statute of limitations; it is a jurisdictional prerequisite to bringing and maintaining an action in this court (De Marco v State of New York, 43 AD2d 786 [4th Dept 1973], affd 37 NY2d 735 [1975]; Antoine v State of New York, 103 Misc 2d 664 [Ct Cl 1980]). Failure to timely comply with the statutory filing requirements of the Court of Claims Act constitutes a fatal jurisdictional defect requiring dismissal (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]; Buckles v State of New York, 221 NY 418 [1917]; Ivy v State of New York, 27 AD3d 1190 [4th Dept 2006]; Byrne v State of New York, 104 AD2d 782 [2d Dept 1984], lv denied 64 NY2d 607 [1985]). The court cannot waive a defect in jurisdiction that has been timely raised (see Thomas v State of New York, 144 AD2d 882 [3d Dept 1988]). This defect was timely and properly raised in the State’s answer (dated Jan. 6, 2009) as its third affirmative defense. The third affirmative defense states:
“FIFTH: That this Court lacks subject matter jurisdiction over the claim as the claim is untimely in that although a timely notice of intention was properly served and filed and although the claim was timely filed, the claim was not timely served as required by Court of Claims Act[ ] Sections 10 (3) and 11 as it was served more than one year after the accrual of the claim.”
Thus, the question posed is whether defendant raised its affirmative defense with sufficient particularity to preserve it pursuant to Court of Claims Act § 11 (c) because defendant referenced the incorrect subdivision of Court of Claims Act § 10. The correct subdivision regarding an intentional tort is section 10 (3-b) not section 10 (3).
In Sinacore v State of New York (176 Misc 2d 1, 4 [Ct Cl 1998]), Judge James E King discussed in detail and at length Court of Claims Act § 11 (c) and how courts have defined “with particularity,” stating that, in order for an affirmative defense to apprise a claimant that a defect relating to timeliness was being alleged, the statements contained therein should inform the claimant
“of the following facts: (1) that the claim or notice of intention was not filed or served in a timely fashion; (2) that the claim should have been filed at some earlier time; and (3) the statutory authority of the requirement that was allegedly violated.
“The appellate courts have not always insisted on *1131 express reference to the third element, the statutory authority of the requirement that was violated. However, mention of the first two elements — the fact of noncompliance and the action that would have been proper — is invariably present when the defendant’s statement has been found to be sufficiently particular.” (176 Misc 2d at 9.)
Moreover, in Scalise v State of New York (210 AD2d 916 [4th Dept 1994]), the Appellate Division, Fourth Department, held: “The State’s affirmative defense adequately apprised claimant of the untimely service, thus preserving that objection. Indeed, claimant responded to the answer by applying for permission to file a late claim, and did not oppose the State’s cross motion to dismiss.” (Id. at 917.)
The court has been unable to find another case where the affirmative defense referred to the incorrect subdivision of the statute. However, as in Scalise v State of New York (supra), the State’s affirmative defense raised in the answer to the instant claim adequately apprised claimant of the untimely service of his claim, preserving the objection. In fact, again as in Scalise (supra), claimant responded to the answer by applying for permission to file a late claim pursuant to Court of Claims Act § 10 (6).* Furthermore, claimant did not submit any papers in opposition to the State’s cross motion to dismiss. The court concludes that, in this case, the State’s third affirmative defense was raised with particularity as required by Court of Claims Act §11 (c) as claimant was apprised of the untimeliness of his claim. Therefore, the State’s cross motion to dismiss is granted and the claim is dismissed.
We now turn to claimant’s request for permission to serve and file a late claim pursuant to Court of Claims Act § 10 (6). Claimant’s notice of motion seeking such relief was filed with the Clerk of the Court on January 30, 2009.
Pursuant to Court of Claims Act § 10 (6), it is within the court’s discretion to allow the filing of a late claim if the applicable statute of limitations set forth in article 2 of the CPLR has not expired. Thus, the first issue for determination upon any late claim motion is whether the application is timely.
The cause of action for assault is governed by a one-year statute of limitations (CPLR 215 [3]; see also Court of Claims Act *1132 § 10 [3-b] [claim for personal injuries caused by the intentional tort of a state employee shall be served and filed within one year of accrual if a notice of intention is served on the Attorney General within 90 days of accrual]). Therefore, the proposed claim, which accrued on November 30, 2007, is barred by the statute of limitations. As a movant is permitted to file a late claim only if the underlying cause of action is not time-barred (Arbor Hill Partners v New York State Commr. of Hous. & Community Renewal, 267 AD2d 675 [3d Dept 1999]; Marine Midland Bank v State of New York, 195 AD2d 871 [3d Dept 1993], lv denied 82 NY2d 661 [1993]), the motion for permission to file a late claim is denied.

 Claimant labeled his motion as a “Notice of Motion of Reply of Motion to Dismiss,” which was filed prior to the State’s motion to dismiss and is really a motion for permission to serve and file a late claim in response to the State’s answer.